UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| KEVIN W. WHITE ) | No. 09 B 29954 |
| ) | |
| Debtor. ) | |

MEMORANDUM OPINION ON COMPASS EQUIPMENT
FINANCE'S MOTION FOR RELIEF FROM STAY [Docket No. 16]
AND DEBTOR'S MOTION FOR SANCTIONS [Docket No. 14]

This case presents the issue of whether § 362 of the Bankruptcy Code prevents a creditor from repossessing a vehicle from a nondebtor corporation when the debtor is the guarantor of a loan between the creditor and the corporation and the corporation is in default on the loan. It is held that § 362 does not stay the repossession because the creditor is enforcing its separate rights against the nondebtor corporation, not its rights against the debtor.

## BACKGROUND

On some date prior to December 2, 2008, Kevin W. White purchased a 2000 Freightliner FLC truck. This transaction was financed by Compass Equipment Finance, Inc. On December 2, 2008, Williams Brothers Trucking, Inc. purchased the truck from White, who was president of the purchaser, for $18,946.56. (Mot. of Compass Equip. Fin., Inc. for Relief from Automatic Stay Under § 362(a) [Docket No. 16] ¶ 1, ex. A.) Compass financed this transaction as well, taking a lien on the truck. (*Id.* ¶ 2.) The title for the truck currently lists Williams Brothers as owner and Compass as lienholder. (*Id.* ¶ 5–6, ex. B.) Shortly after this second transaction, Williams Brothers defaulted on the loan; it currently owes Compass $6728.91. (*Id.* ¶ 9–10, ex. D.)

White filed for bankruptcy protection on August 15, 2009, listing the truck as a personal asset and scheduling Compass as a secured creditor. (*Id.* ¶ 11, 15.) White notified Compass of the bankruptcy filing and the automatic stay, warning Compass not to take any action against White to collect his debt. (*Id.* ¶ 12.) Despite this notice, Compass attempted to repossess the truck on two occasions, believing that the automatic stay did not prevent it from taking action against Williams Brothers on the underlying contract. In response, White filed a Motion for Sanctions [Docket No. 14] against Compass for its allegedly willful violation of the automatic stay. Compass then filed a motion seeking a determination that the stay does not bar it from repossessing the truck as permitted in its contract with Williams Brothers.

## DISCUSSION

"The automatic stay provision of section 362(a) provides for a nearly comprehensive stay of proceedings against the bankruptcy debtor." *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 722 (N.D. Ill. 1998) (Alesia, J.) (*citing In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)). This stay applies to, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(6) (2006). The purposes of the automatic stay are

> to protect the debtor from an uncontrollable scramble for its assets, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.

*Id.* (*quoting A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 998 (4th Cir. 1986)). The Bankruptcy Code broadly defines the term *claim*: "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Generally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties, such as nondebtor entities, even when wholly owned by the debtor, or the debtor's insurers, guarantors, and sureties. *555 M Mfg.*, 13 F. Supp. 2d at 722; *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993) (Shadur, J.) (corporate debtor "cannot invoke the automatic stay just because the action against the nondebtor subsidiary will impact on the value of the debtor's stock").

Under Illinois law, "a guaranty contract is an agreement between a guarantor and a creditor wherein the guarantor agrees to be secondarily liable to the creditor for a debt or obligation owed to the creditor by a third party (the debtor)." *Int'l Supply Co. v. Campbell*, 907 N.E.2d 478, 486 (Ill. App. Ct. 2009) (collecting cases). "A guarantor's secondary liability is triggered by a default of the debtor on the obligation that the debtor owes to the creditor." *Id.* (citing *JP Morgan Chase Bank, N.A. v. Earth Foods, Inc.*, 898 N.E.2d 718, 723 (Ill. App. Ct. 2008)). The liability of a guarantor to the creditor is separate from the liability of the primary debtor. *See N. Trust Co. v. VIII S. Mich. Assocs.*, 657 N.E.2d 1095, 1105 (Ill. App. Ct. 1995). Upon default, a secured creditor can collect either on the guaranty against the guarantor or on the principal contract against the primary debtor or the collateral. *See id.*

In this case, Williams Brothers borrowed a sum of money from Compass to purchase a truck from White, granting a security interest in the truck to Compass. To facilitate the transaction, White guaranteed the loan. As a result, Compass obtained separate enforceable rights to payment against Williams Brothers and White. The automatic stay in White's bankruptcy does not prevent Compass from enforcing its guaranty claim against White. In other circumstances, such as when there is an identity of interests between the debtor and a third party or when the debtor or the bankruptcy estate

will be irreparably harmed, the debtor may seek an injunction applying the automatic stay to actions against third parties. *See In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) (*citing A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990). But White has not sought that relief. Absent these circumstances, Compass's separate claim against Williams Brothers under the principal contract is not stayed, and Compass can take any legal action necessary to enforce it, including repossession of the truck.

## CONCLUSION

No stay is in effect that Compass could violate by repossessing the truck from Williams Brothers. A separate order will be entered declaring that no stay prevents Compass from repossessing the truck, granting Compass's motion, and denying White's motion for sanctions.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 16th day of October, 2009.